ALLEN, Acting Chief Judge.
Henry Lee Creamer, the appellant, was charged with the offense of Assault with Intent to Commit Murder in the First Degree.
The information alleged that Creamer shot James Knight with a shotgun, inflicting abdominal wounds. The altercation giving rise to the shooting took place in a Royal Castle parking lot in the Town of Largo on January 31, 1967.
The appellant admitted the shooting but plead self-defense stating that James Knight was about to attack him with a knife.
Knight testified that he saw Creamer at the Royal Castle parking lot around 8:30 or 9 :00 o’clock on January 31, 1967. He further stated that some “words passed” between his car and the car occupied by Creamer. Knight got out of his car and opened the door of the other car.
Knight further testified that Creamer returned to the parking lot later in the evening and Knight got out of his car and *357 again approached the other car. He then stated that Creamer approached him with the shotgun and shot him after an exchange of words.
The victim, Knight, testified that he had been convicted of felonies three times; that he usually carried a knife; that three weeks prior to the shooting he was acting like he was going to cut Creamer (appellant) with a knife; and that he had stabbed a person with another knife in 1963.
The case was submitted to the jury, which returned a verdict of guilty of aggravated assault. Upon entry of judgment and sentence, this appeal ensued.
The sole point on appeal stated in the brief of appellant is whether or not the court erred in denying defendant’s requested instructions concerning self-defense when the alleged victim’s character was at issue and when the surrounding circumstances framed an issue of self-defense.
We have read the charges given by Judge Overton, which includes a charge on self-defense, which we think renders harmless the refusal to give the specific charge requested by the defendant on self-defense. The charge given by the able circuit court judge appears in the record at page 192:
“Gentlemen, you are further charged that a shooting or use of a deadly weapon committed in self-defense, that is, in the defense of the life of the accused or to protect his person from imminent danger of great bodily harm, is lawful and justifiable. The right of self-defense is recognized by law and surrounded by certain well-established rules. In the first place a person relying upon self-defense to justify a shooting or use of a deadly weapon must himself be reasonably free from fault in the inception of the difficulty in which such shooting or use of a deadly weapon may result, and it must be necessary, either actual or apparent, to resort to the means used in a particular instance to protect his life and person from imminent danger of death or great bodily harm. The necessity to take life, however, need not be actual. If circumstances surrounding the accused were such as to induce the ordinary prudent man to believe that he was in danger of death or great bodily harm, that is sufficient, although there is no danger in fact. One cannot by his own act provoke a difficulty with his adversary, and having provoked such difficulty, act under the necessity produced by this difficulty and shoot his adversary or use a deadly weapon, and justify such shooting or use of a deadly weapon under the plea of self-defense. In order to justify the shooting of another human being or the use of a deadly weapon, the accused must have used all the reasonable means within his power and consistent with his own safety, to avoid the danger and to avert the necessity of shooting another human being or the use of a deadly weapon. To excuse the shooting of another human being or the attempted homicide of another human being on the ground of self-defense, one must not only have believed, but must have reason to believe, one, that he was in danger of death or great bodily harm; and, two, it must appear that he did what was — an ordinarily reasonable and prudent man might be expected to do in protecting himself from the hazards of death or great bodily harm.
“Gentlemen, if you believe from the evidence that the defendant acted in self-defense in making such assault, if he did make an assault, or if you entertain a rear sonable doubt, whether he acted in self-defense, you should find the defendant not guilty. * * *”
We conclude that the foregoing charge on self-defense was correct and the trial court should be affirmed.
Affirmed.
PIERCE and HOBSON, JJ., concur.